IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT

| | | |
|---|---|---|
| ANTHONY KIZZEE, | ) | |
| Defendant, | ) | |
| VS. | ) | No: 1:96-CR-28-GR-001 |
| UNITED STATES OF AMERICA, | ) | |
| Respondant, | ) | |
| _____ | ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 6 - 2006
J.T. NOBLIN, CLERK
BY_____ DEPUTY

MOTION PURSUANT TO 18 U.S.C.§3582 ¶(c)(2) FOR REDUCTION PURSUANT TO THE SUBSEQUENT CHANGE IN THE SENTENCE GUIDLINES

Comes Now, Anthony G. Kizzee pro'se, the defendant in the above entitled case, and will also be referred to hereinafter as the defendant. He hereby moves this Honorable Court by the way of motion pursuant to 3582(c)(2) for a sentence reduction pursuant to the intervening, subsequent change in the sentencing Guidelines that lowers his sentence. In support of this motion, defendant incorporates by reference to the attached memorandum of point and
Authorities.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION UNDER 3582(c)(2) FOR SENTENCE REDUCTION

## JURISDICTION

18 U.S.C. Section 3582(c)(2) Provides:

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(0), upon motion of the defendant or Director of the Bureau of Prisons, or on it's own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"

The defendant herein asserts that a motion under "section 3582(c)(2)" may also be filed for sentence reduction in Light of an intervening holding of a subsequent change in the Law by the Supreme Court of the United States, concerning the provision that requires sentencing courts to impose a sentence within the applicable guidelines range (in absence of circumstances that justify a departure). E.g. U.S. v. Smith, (2000 U.S. App. LEXIS 14038 (7th cir. 2000); Smith v. U.S., 121 S.ct. 336 (2000). See also, United States V. Booker, 375 F.3d. 508 (7th cir. 2004) S.ct. 04-104 (2004).

Here, on ground that Booker, supra, Lowered the defendants guideline range, this Court has the discretion and jurisdiction to impose Lower sentence without regard to ("circumstances that justify a departure"). The defendant further states that by invoking 3582 (c)(2), it does not

trigger the Teague v. Lane, retroactivity application, neither the habeas corpus provisions of the Anti-terrorism and Effective Death Penalty Act, nor Schriro v. Summerlin, No. o3-526, 2004 WL 1402732 (2004). See also, Castro v. United states,___U.S.___124 S.ct. 786-791 (2003).

## BACKGROUND

On June 27, 1996 the defendant herein and four codefendants were named in a nine-count indictment. The defendant herein were charged in the following counts as follows:

Count 1, Conspiracy to possess with intent to distribute crack, a violation of 21 U.S.C. § 846.

Counts 2,3,6 and 8, Travel in interstate commerce for unlawful activity, a violation of 18 U.S.C. § 1952 (a)(3) and § 2.

Counts 4 and 5, Travel in interstate commerce for unlawful activity, a violation of 18 U.S.C. § 1952 (a)(3) and § 2.

Count 7, Possession with intent to distribute 750 grams of crack, a violation of 21 U.S.C. §841 (a)(1) and § 2.

On February 7, 1997 defendant herein was found guilty on counts 1,2,3,4,5 ,6 ,7, and 8 by the return of a general verdict. Count 9 was dismissed by the government.

## ARGUMENT

On April 18, 1997 as a result of the general jury verdict of guilty on all counts, this court found based upon

3

a preponderance of the evidence, and by relying upon the Presentence Report, circumstances that justified a departure in the Guideline Sentence that was imposed.

The court found that...Possession with intent to distribute crack cocaine were covered under Section 2D1.1 of the guidelines which calls for base offense Level of 38. That, counts 2,3,4,5,6, and 8 were covered under Section 2E1.2 "which refers to the underlying activity in this case, the Level 38 Possession of cocaine."

The court found that the defendant was a leader or organizer and 4 Levels were added there.

The court found that the defendant had obstructed justice and another 2 Levels were added, bringing defendant's subtotal Guideline offense Level to 44, Criminal History Category IV, resulting in a Guideline imprisonment range of Life imprisonment.

DEFENDANT NOW CONTEST THE CALCULATION<br>
OF HIS TOTAL GUIDELINE OFFENSE LEVEL<br>
BASED ON THE SUBSEQUENT CHANGE IN THE<br>
SENTENCING GUIDELINE

Defendant asserts that in accordance with the usual practice, a probation officer prepared a Presentence Investigation Report, (PSI) to assist this court in determining an appropriate sentence within the Statutory range, The PSR used the 1995 version of the Guidelines Manual in this case. The PSR held the defendant herein responsible for amounts of drugs much greater than the amount listed in

the indictment and found by the jury; based on statements from several Government Witnesses. The PSR indicated that the defendant distributed over 100 kilograms of crack cocaine in Southern Mississippi or was responsible for such activity in connection with the conspiracy charge. Based on the Quantity of drugs in count 1, (which there was no amount alleged); and 7, the PSR concluded that the base offense Level for those counts are 38. See U.S.S.G. 2D1.1 (c) (Drug Quantity Table). The PSR furture recommended that defendant herein receive a Four- Level Sentence enhancement under U.S.S.G. 3B1.1 (a) for being "an organizer or leader" of the conspiracy.

Defendant asserts here that pursuant to Booker supra with a total offense Level of 38, Criminal History Category (IV); yields a Guideline Sentencing range of 324-405 Months imprisonment. Such a reduction is exactly what the defendant is asking the court to do today. Defendant objected to the PSR on several grounds. Three of which are relevant to this motion for Sentence Reduction. First, he objected to the base offense Level of 44. Second, he objected to the four-level enhancement and third, defendant objected to the obstruction of justice enhancement. Those objections were preserved and can now be revisited pursuant to Blakley and Booker on ground: On the first count of the indictment in the instant case, the verdict form did not require the jury to indicate the amount (if any) of crack cocaine that the jury found that defendant had conspired to distribute as it was suppose to, and if it had...then the jury could have choose whether defendant was guilty of conspiring to distribute "100 kilograms or "750 grams less then 100 kilograms" or whether

5

he was not guilty. However, in the instant case the jury simply returned a general verdict finding the defendant guilty as charge on all counts. There was no amounts in count one of the verdict form that lined up with the gradations in 21 U.S.C. 841 (b).

Bases on the drug Quantities found in this case by the jury in count 7, the maximum sentence set forth in the United States Code is 324-405 months imprisonment. See (Drug Quantity Table) at 38. Unites States v. Ameline, 376 F.3d 967 (9th cir. 2004); (en-banc) No. 02-30326 (2005). See also, United States v. Doggett, 230 F.3d 160, 162-63 165 (5th cir. 2000) (holding that an objection to a PSR base on Jones v. U.S. 526 U.S. 227 (1999); preserved an Apprendi: challenge to the defendant's sentence.

Defendant contents here that this Court has the discretion to determine that Booker applies to cases submitted under 3582 (c)(2). Under this section, this Court may properly consider defendant's post Blakely, Booker Sixth Amendment request to reconsider his sentence. In Booker, the Supreme Court reaffirmed it's recent holding in Blakely "that the statutory Maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Id. at 749 (Quoting Blakely, 124 S.ct. at 2537). Emphasizing the mandatory nature of the sentencing Guidelines, the Court determined that there was "no distinction of constitutional significance between Federal Sentencing Guidelines and Washington [Sentencing] Procedure at issue in [Blakely]." Id.

As the court explained, "[t]he [sentencing]

Guidelines as written... are not advisory; they are mandatory and binding on all judges." Id. at 750. Thus, the Court held that the sixth amendment as construed by Apprendi; and Blakely, applied to the Sentencing Guidelines. The manner in which the district court arrived at Bookers sentence highlighted the constitution deficiencies in the Sentencing Guidelines. Booker was convicted of possessing with intent to distribute at least 50 grams of cocaine base (crack), a violation of 21 U.S.C. 841 (a). Id. at 745. Although the jury convicted Booker based upon evidence that he had 92.5 grams in his duffel bag, the district judge held a post-trial Sentencing hearing and found by preponderance of the evidence that Booker had possessed an additional 566 grams of crack cocaine and further found that Booker had obstructed justice. on the basis of these additional facts, the Sentencing Guidelines required the district judge to impose a sentence between 360 months and Life imprisonment. As a result, Booker received a sentence of 30 years, rather than the sentence of 21 years and 10 months that he would have received based on the facts found by the jury. Id. Booker's sentence____360 months____was not authorized by the jury's verdict and was therefore improper under the Sixth Amendment.

Here, (as in Booker), defendant's sentence under the sentencing guidelines exceeded "the maximum authorized by the facts established by the jury verdict." Defendant herein never admitted to and detectable amount of (crack) cocaine base.

However, based on judicial fact finding. Defendant's Sentence far exceeded the maximum Sentence that the Court

7

could have imposed under the Guidelines on the basis of facts found by the jury consistent with, the indictment and a proper submitted jury verdict form. Thus as in Booker indeed, defendant's Sentence violated his Sixth Amendment rights to Sentencing as construed by Apprendi and Blakey.

Defendant respectfully request this Honorable Court to reconsider the fact that..."Any evaluation of Apprendi's "fairness" to criminal defendant's must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment" (as here) "or plea, would routinely see his maximum potential Sentence balloon from as little as five years to as much as Life imprisonment," See e.g. U.S.S.G. 4A1.1 (d); 3C1.1; and 3B1.1 (a); See also U.S. v. Harris, 325 F. Supp. 562 (2004); U.S. v. Coffey, 395 F. 3d. 856 (8th cir.2005). "based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong." Blakely, 124 S.ct. at 2542.

CONCLUSION

In conclusion, defendant respectfully request that this Honorable Court find that his Sentence imposed under the mandatory Sentencing Guidelines violated his Sixth Amendment Sentencing Rights as construed by Blakely and Booker and this violation constituted plain error. To Leave standing this Sentence imposed under the mandatory guidelines regime, leave no doubt, is to place in jeopardy the fairness, integrity or

8

public reputation of judicial proceeding. See e.g. United States v. Hughes,____F.3d.____,2005 WL147059 at 5 (4th cir. 2005) (Quotation Marks Omitted).

WHEREFORE, Defendant Prays for and seeks resentencing accordingly, in light of Booker consistent with the views expressed herein.

Date: 12/26/05

Respectfully Submitted,

*A. Kizzee*

Anthony G. Kizzee

Reg# 07411-112

P.O. Box 019001

Atwater, CA 95301

CERTIFICATE OF SERVICE

The undersigned hereby Certify that he served a original and two copies of the foregoing motion upon the clerk of the Court at: The United States District Court for the Southern District of Mississippi Southern Division.

And a copy of the same motion was served upon the following:

>Jay Golden
>Assistant U.S. Attorney
>808 Vieux Marche
>Biloxi, Ms 39530

Service were made by U.S. Mail with the proper amount of first class U.S. postage affixed thereto on this day 26 of Dec 2005.

I do so declare the above is true and correct under the penalty of perjury

Date: 12/26/05

A. Kizzee

Anthony G. Kizzee,