```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                  SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                                          Criminal No. 1:96cr28GR

ANTHONY KIZZEE

**RESPONSE OF UNITED STATES TO**
**<u>MOTION TO MODIFY SENTENCING</u>**

      The United States respectfully submits this response in opposition to the motion of defendant Anthony Kizzee to modify his sentencing based on Title 18, United States Code, Section 3582(c)(2). For the reasons stated below, defendant Kizzee's motion should be denied:

      1.  Kizzee was convicted at trial of narcotics charges and appealed his conviction. The Fifth Circuit affirmed the conviction and sentencing. <u>See</u> <u>United States v. Kizzee</u>, 150 F.3d 497 (5th Cir. 1998).

      2.  Kizzee also sought relief under Title 28, United States Code, Section 2255. This Court denied the Section 2255 motion as well as Kizzee's request for a certificate of appealability (COA). Kizzee appealed the denial of his COA, but the Fifth Circuit affirmed in an unpublished opinion. <u>See</u> <u>United States v. Kizzee</u>, 2005 WL 3429507 (5th Cir. Dec. 14, 2005).

      4.  In his latest effort to avoid the consequences of his conviction, defendant Kizzee seeks to capitalize on the Supreme Court's <u>Booker</u> decision in attempt to claim the decision

represents an amendment to the Sentencing Guidelines entitling him to relief. See United States v. Booker, 125 S.Ct. 738 (2005).

  5. Kizzee contends that the Supreme Court's Booker decision entitles him to relief, but courts that have considered the issue have recognized that Booker does not represent a retroactive amendment to the Guidelines that is cognizable under Title 18, United States Code, Section 3582. See, e.g., United States v. Douglas, 2005 WL 3429483 (5th Cir. Dec. 14, 2005) (unpublished per curiam) (defendant's "Booker claim is not cognizable in the context of a 18 U.S.C. § 3582(c)(2) motion because it is not based on a retroactive amendment to the Guidelines"); United States v. Privette, 129 Fed. Appx. 897, 898 (5th Cir. Apr. 29, 2005) (unpublished per curiam) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment to the guidelines."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, Booker is inapplicable to § 3582(c)(2) motions").

  6.  Moreover, Booker by its own terms applies only to "cases on direct review." 125 S.Ct. at 769.  There is nothing in Booker that provides any basis for relief in the context of the motion for Section 3582(c)(2) relief that defendant Kizzee seeks.

For the foregoing reasons, defendant Kizzee's motion should be denied without need for a hearing.

                              Respectfully submitted,

                              DUNN LAMPTON
                              United States Attorney
                              Southern District of Mississippi

                     By:   *Gaines H. Cleveland*
                              GAINES H. CLEVELAND, MSB No. 6300
                              Assistant United States Attorney
                              1575 Twentieth Avenue
                              Gulfport, Mississippi  39501
Dated: January 10, 2006      Telephone: (228) 563-1560

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), and that I have caused to be mailed, postage prepaid, a true and correct copy of the foregoing Response of United States to Motion to Modify Sentence to:

>Antony Kizzee
>Reg. No. 07411-112
>P.O. Box 019001
>Atwater, CA 95301

This the 10th day of January 2006.

>By:   _*Gaines H. Cleveland*_
>      GAINES H. CLEVELAND
>      Assistant United States Attorney