IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                CRIMINAL NO. 1:96cr28WJG-1

ANTHONY KIZZEE

O R D E R

  THIS CAUSE comes before the Court on the motion [202] of the Defendant, Anthony Kizzee, for a sentencing hearing, and his motion [203] for a sentence reduction pursuant to 18 U.S.C. § 3582.  The Court has reviewed the motions of Defendant, and being familiar with the record in this matter, finds as follows:

  According to Kizzee, the United States Sentencing Commission determined that Amendment 750 to the sentencing guidelines would be retroactively applied.  That Amendment, according to Kizzee, implements a threshold quantity of cocaine base of 8.4 kilograms of cocaine for application of a base offense level of 38.  Kizzee argues that his offense level should be below that amount and seeks a reduction in his sentence to below 360 months.  (Ct. R., Doc. 203, p. 4.)

  The offense conduct in this case provides that Kizzee, as leader of a major drug trafficking operation, distributed over 100 kilograms of crack cocaine in South Mississippi.  (Ct. R., Doc. 103, p. 3 SEALED.)  The breakdown of each co-defendant's criminal behavior, which was characterized as distributing crack cocaine for Kizzee, was well over the 8.4 kilograms

which Kizzee indicates is the current threshold for application of the highest base level offense. (*Id.*)

Under *Dillon v. United States,*[1] the Court is required to determine as a threshold matter whether Amendment 750 would result in a guideline range different from that which the Court applied at Kizzee's sentencing. At the time of sentencing, the applicable version of the Sentencing Guidelines indicated that the appropriate base offense level for a quantity of crack cocaine of more than 1.5 kilograms was thirty-eight. U.S.S.G. § 2D1.1(c)(1) (1995). Amendment 750 retroactively raised the minimum amount of crack cocaine for base offense level 38 from 4.5 kilograms to 8.4 kilograms. Based on the evidence elicited at trial, the Court determined that Kizzee was accountable for the distribution of more than 100 kilograms of crack cocaine, a quantity well over the threshold of 8.4 kilograms necessary for the highest offense level under Amendment 750. (Ct. R., Doc. 103, pp. 3-5, SEALED.)

Based on this information, the Court concludes that Kizzee is ineligible for a reduction in sentence under Amendment 750 to the Sentencing Guidelines, because application of that Amendment would not result in a modification in his guideline range. The Court finds that Kizzee's motion for a sentencing hearing should be denied. The Court further concludes that Kizzee's motion under 18 U.S.C. § 3582(c) for sentence reduction should also be denied. It is, therefore,

ORDERED that Kizzee's motion for a sentencing hearing [202] be, and is hereby, denied. It is further,

---

[1] ___ U.S. ___, 130 S.Ct. 2683, 2687 (2010).

ORDERED that Kizzee's motion [203] for sentence reduction pursuant to 18 U.S.C. § 3582 be, and is hereby, denied.

SO ORDERED, this the 22nd day of February, 2013.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE