IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          CAUSE NO. 1:96cr28-LG-JCG-1

**ANTHONY KIZZEE**

### ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER SECTION 404 OF THE FIRST STEP ACT

**BEFORE THE COURT** is the [230] Motion for Sentence Reduction Under Section 404 of the First Step Act filed by the defendant, Anthony Kizzee. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Kizzee's Motion should be denied.

### DISCUSSION

The case before the Court dates back to 1996, when Kizzee was arrested in California on various drug offenses and was transferred to the Southern District of Mississippi for trial where the offenses charged were committed. *United States v. Kizzee*, 150 F.3d 497, 499 (5th Cir. 1998) [hereinafter "*Kizzee I*"]. On February 7, 1997, Kizzee was convicted by a jury of, *inter alia*, conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute approximately 750 grams of cocaine base and was sentenced to life imprisonment. *See United States v. Kizzee*, 574 F. App'x 381, 381 (5th Cir. 2014) [hereinafter "*Kizzee II*"] (per curiam); (*see also* Jury Verdict, ECF No. 243). The Court at the original sentencing attributed more than 100 kilograms of cocaine to Kizzee. *Kizzee II*, 574 F. App'x at 381. The Court also discussed how Kizzee was accountable for a quantity of crack

cocaine of more than 1.5 kilograms, as discussed in the Presentence Investigation Report ("PSR"). *Id.*; (*see also* PSR, at ¶ 19, at 5, ECF No. 103). The record reflects that the Court's reference to the 1.5 kilograms of crack cocaine was made in the context of explaining that Kizzee exceeded the quantity necessary for the highest base offense level available at that time, *i.e.*, a base level of 38. *Kizzee II*, 574 F. App'x at 381; (*see also* PSR, at ¶ 19, at 5, ECF No. 103). Kizzee's conviction and sentence were affirmed by the Fifth Circuit. *Kizzee I*, 150 F.3d at 503.

Kizzee has filed multiple appeals in this case, beginning with an ineffective assistance of counsel claim arising from Kizzee's self-representation at trial. *See id.* at 499-500. Kizzee also filed a [132] Motion to Vacate Under 28 U.S.C. § 2255, which was denied by the Court (*see* Order, ECF No. 143) and subsequently dismissed by the Fifth Circuit (*see* Docket, ECF No. 148).[1] Prior to the filing of the instant Motion, Kizzee filed numerous motions seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), all of which were denied. *See Kizzee II*, 574 F. App'x at 381.

Most recently, on December 17, 2019, Kizzee moved for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In his Motion, he claims that he is entitled to a reduction of his life sentence to a sentence of 327 months and 3 years supervised

---

[1] His second motion to vacate, although styled as a motion to modify sentence under 18 U.S.C. § 3582(c)(2), was treated as a successive motion to vacate pursuant to Section 2255. (*See* Order, at 2, ECF No. 170). Kizzee's successive motion was denied by the Court (*see id.*), and affirmed on appeal by the Fifth Circuit. *See Kizzee II*, 574 F. App'x at 382.

release. His argument is two-fold. First, Kizzee claims that his conviction is a "covered offense" and that "Section 404 of the Act permits the Court to retroactively apply the statutory penalties" of the Fair Sentencing Act of 2010. (Def.'s Mot., at 2-3, ECF No. 230). Kizzee contends that "neither the conspiracy count nor the substantive count referenced a statutory quantity under § 841(b) or a statute that would direct the reader to the appropriate statute to determine quantity." (Def.'s Reply, at 5, ECF No. 241). He thus argues that "his statutory maximum under 21 U.S.C. § 841(b)(1)(B) would have been 40 years, and his minimum term of supervised release would have been three years." (Def.'s Mot., at 2-3, ECF No. 230). Second, Kizzee argues that he should have been held accountable only for the 750 grams of cocaine base specifically stated in the indictment; but instead, he was sentenced for 1.5 kilograms of crack cocaine as referenced in the PSR. (*See id.* at 2); (*see also* PSR, at ¶ 19, at 5, ECF No. 103). The Government opposes Kizzee's Motion, arguing that, while the Fair Sentencing Act is now retroactive, the allegations in the indictment would have triggered the minimum mandatory if it were it alleged post-2010. (Gov.'s Opp., at 2, ECF No. 232).

## DISCUSSION

### I.  *Kizzee is not Entitled to Relief Under the First Step Act of 2018*

At the time Kizzee was sentenced, distribution of 50 grams or more of cocaine base carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 1997). If an offense involved more than 5 grams of cocaine base, the offender was subject to a mandatory term of

five years imprisonment and a maximum term of forty years. *Id.* § 841(b)(1)(B). In 2010, Congress passed the Fair Sentencing Act. Section 2 of the Fair Sentencing Act increased the drug quantities triggering the mandatory minimum for crack offenses "from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). The Fair Sentencing Act took effect on August 3, 2010, but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. The First Step Act allows, but does not require, a court to reduce a previously imposed sentence under narrow circumstances. Specifically, Section 404(b) states that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is a violation of a federal criminal statute, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that "was committed before August 3, 2010." *Id.* § 404(a).

As an initial matter, a reading of the indictment and the jury verdict clearly states that Kizzee was found guilty of possession with intent to distribute "approximately 750 grams of cocaine base" in violation of 21 U.S.C. § 841(a)(1). (Indictment, at 5, ECF No. 241-1); (*see also* Jury Verdict, at 3, ECF No. 243). Kizzee argues that neither the conspiracy count nor the substantive count referenced a

statutory quantity under Section 841(b), the penalty provision, or a statute that would direct the reader to the appropriate statute to determine quantity. (Def.'s Reply, at 5, ECF No. 241). He claims that he should be sentenced under Section 841(b)(1)(B) which holds a maximum sentence of 40 years. (Def.'s Mot., at 2-3, ECF No. 230). The record reflects that Kizzee was sentenced pursuant Section 841(b)(1)(A). (PSR, at ¶¶ 76, 80, at 12, ECF No. 103). The Fifth Circuit has held that "Section 841 clearly calls for a factual determination regarding the quantity of the controlled substance . . ., [and] if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000). In this case, the quantity was stated in the indictment, and the jury made a finding as to the amount of drugs Kizzee possessed and intended to distribute. Thus, his sentence under Section 841(b)(1)(A) was appropriate.

As to the First Step Act, Kizzee's conviction is a "covered offense" under Section 404(a). *See United States v. Jackson*, 945 F.3d 315, 320-21 (5th Cir. 2019). First, Kizzee was convicted of violating a statute whose penalties the Fair Sentencing Act modified. *Id.* Second, the violation occurred before August 3, 2010. *Id.* Last, Kizzee has not "'transgress[ed] the limitations'" of Section 404(c) in that he has not made a previous motion under Section 404 nor has the Court reduced his sentence in accordance with the amendments made by Section 2 and 3 of the Fair Sentencing Act. *Id.* at 320-21. Nonetheless, even if Kizzee's conviction falls within

the definition of a "covered offense" under the First Step Act, it does not mean he is entitled to it. *Id.* at 321 (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)). Section 404 grants courts broad discretion, "since nothing in the [First Step Act] shall be construed to require a court to reduce any sentence." *Jackson*, 945 F.3d at 321 (citing First Step Act § 404(b); *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)) (internal quotation marks omitted).

The Court finds that the life sentence falls within the appropriate statutory range. A plain reading of the modifications to Section 841(b)(1)(A) only increased the drug quantities triggering the mandatory minimum for crack offenses "from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey*, 567 U.S. at 269. Kizzee was convicted pursuant to Section 841(b)(1)(A), and the jury found him guilty of possession with intent to distribute "approximately 750 grams of cocaine base." Such an amount is well beyond the range which the First Step Act modified. In addition, a review of the PSR and the 18 U.S.C. § 3553(a) factors do not favor reduction. *See Jackson*, 945 F.3d at 322, 322 n.8 (finding that the district court "properly considered [the defendant's] extensive criminal history and role in the offense in declining to reduce the sentence" and that a district court does not have to consider the factors in 18 U.S.C. § 3553(a) in deciding whether to resentence under the First Step Act); *see also United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) (holding that the sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority") (citation omitted).

The Section 3553(a) factors include the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment.  18 U.S.C. § 3553(a)(2).  Courts are also to consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* at § 3553(a)(1).  In this case, Kizzee's drug operations on the Mississippi Gulf Coast began in 1987.  At the time, he was a member of the "Blood" gang from Los Angeles, California, and had an extensive drug trafficking business.  The Court at the time of sentencing attributed over 100 kilograms of cocaine to Kizzee.  Numerous individuals testified against Kizzee at trial, all of which confirmed that Kizzee trafficked drugs to and from Los Angeles to the Gulf Coast.  They also testified how Kizzee was "both dangerous and powerful."  Kizzee also has a long criminal history, dating back to the 1970s.  While many of the charges were dropped against Kizzee, it is evident that he was a repeat offender.  In fact, at the time the instant offense was committed, he was on parole for a previous drug crime.  The Court notes the decision of *Dorsey*, wherein the United States Supreme Court distinguished Congress' decision to change the crack-to-powder mandatory minimum from 100-to-1 to 18-to-1 in an effort to achieve consistency and to reverse the "unjustified race-based differences."  567 U.S. at 268-69.  However, the Section 3553(a) factors, coupled with the findings from the PSR, disfavor reduction.  Thus, on the basis that Kizzee seeks a reduction in sentence pursuant to Section 404 of the First Step Act, the Motion is denied.

## II. *Kizzee Cannot Attack His Sentence in a Section 404 Motion*

Kizzee next argues that he should have been sentenced for the 750 grams of cocaine base specifically stated in the indictment, but instead, was sentenced for 1.5 kilograms of crack cocaine as referenced in the PSR. Kizzee has previously made this argument, albeit on different grounds. In *Kizzee II*, the Fifth Circuit discussed Kizzee's assertion that the Sixth Amendment guarantee of due process requires that he be held accountable only for the quantity alleged in the indictment, that is, 750 grams. *Kizzee II*, 574 F. App'x at 381. The court dismissed Kizzee's claim, noting that a "motion under § 3582(c)(2) may not be used to challenge the correctness of the defendant's original sentence, as Kizzee attempts to do here." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)). Thus, the court found "no error, plain or otherwise." *Kizzee II*, 574 F. App'x at 381.

As it pertains to the First Step Act, the Fifth Circuit has not decided whether "a district court must or may revisit an error in the original sentencing hearing." *United States v. Harris*, No. 19-40748, 2020 WL 4640770, at *1 (5th Cir. Aug. 11, 2020) (per curiam). It has, however, held that district courts cannot disturb findings or reconsider other collateral aspects of sentencing. In *United States v. Hegwood*, the Fifth Circuit addressed the scope of Section 404 proceedings. 934 F.3d 414, 417-18 (5th Cir. 2019). The Fifth Circuit explained:

> It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense . . . . The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of

> 2010—saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed"—supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

*Id.* at 418. The court further stated that a district court is to decide whether to reduce a sentence simply "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Id.* *Hegwood* also compared the First Step Act to Section 3582(c), noting that Section 3582(c) was "intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* (quoting *Dillon*, 560 U.S. at 826).

As in *Kizzee II*, Kizzee once again attempts to challenge the correctness of his original sentence. The Court finds Kizzee's claim foreclosed by the reasoning in *Hegwood*, that is, Section 404 proceedings allow only a limited sentencing modification as expressly set forth under the Fair Sentencing Act. Therefore, Kizzee's claim must be denied.

## CONCLUSION

After reviewing all the pertinent facts in this case and considering the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Kizzee is not entitled to a reduction in sentence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [230] Motion for Sentence Reduction Under Section 404 of the First Step Act filed by the defendant, Anthony Kizzee, is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [246] Motion to Withdraw Document filed by the defendant, Anthony Kizzee, is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 1st day of September, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE